IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 7

Out of Site Infrastructure, Inc. : No. 19-15269-elf
  Debtor/Movant Party

:

SEP - 9 2019

# F & M Equipment, Ltd d/b/a Midlantic Machinery, f/d/b/a Midlantic Machinery, Inc.
## Answer to
Out of Site Infrastructure, Inc., Debtor/Movant Party

Motion for Enforcement of Automatic Stay

F & M Equipment, Ltd. d/b/a Midlantic Machinery, f/d/b/a Midlantic Machinery, Inc., Respondent, by and through its legal Counsel, WILLIAM J. PERRONE, files the within Answer to the Debtor, Movant Party, Out of Site Infrastructure, Inc., Motion for Enforcement of Automatic Stay, and in respect thereto, states the following:

1. Admitted. By way of further, answer the **F & M Equipment, Ltd., d/b/a Midlantic Machinery f/d/b/a Midlantic Machinery, Inc. vs. Out of Site Infrastructure, Inc., Paul Verna and Timothy Battista**, Montgomery County Court of Common Pleas, Docket No. 2017-3988, hereinafter called Montgomery Co. Matter, was filed on February 28, 2017; Moreover, through the Montgomery County Matter litigation, the Defendants, including the Debtor, Out of Site Infrastructure, Inc. (hereinafter called Out of Site), Paul Verna (hereinafter called Verna) and Timothy Battista, engaged in dilatory tactics to delay and avoid the legal process, requiring F & M Equipment, Ltd., d/b/a Midlantic Machinery, f/d/b/a Midlantic Machinery, Inc., hereinafter called F & M, to file various Motions or other pleadings, including but not limited to default notice, Motions to Compel and other Motions.

   Further, regardless of the Montgomery County Matter, filed on February 28, 2017, with Motion to Compel Discovery (Interrogatories and Request for Production of Documents and Depositions) occurring thereafter, and Case Management and Trial Conference held before the Court, and the listing of the case for trial for August 27, 2019, the corporate Defendant, and Debtor, Out of Site, and no other Defendant, on August 22, 2019, filed a Chapter 7 Bankruptcy;

Now, the within Motion for Enforcement of the Automatic Stay, beyond the Debtor, Out of Site, attempts to extend the stay to the individual Defendants, Verna and Battista;

The Motion for Enforcement of the Automatic Stay, is an additional exercise not to enforce a legitimate legal right and or Interest, but rather to delay justice as to the Individual Defendants, Verna and Battista, **without** the individual Defendants also filing bankruptcy;[1]

The filing of the bankruptcy and the "automatic stay" has been filed to avoid litigation and, further, now the non-Debtors, Verna and Battista, are attempting to take the "automatic stay" to still another level, by seeking relief to apply the "automatic stay", to the non-Debtors, thus avoiding litigation without the individual Defendants filing bankruptcy;

The Debtor is not able to satisfactorily answer two key questions: (1) did their bankruptcy petitions serve a "valid bankruptcy purpose" and (2) were they filed merely to obtain a litigation advantage. See *In re 15375 Memorial Corp. v. Bepco, L.P.*, 589 F.3d 605 (3d Cir. Dec. 2009);

The bankruptcy filed by the Debtor, is not intended to preserve a company, Out of Site, as a going concern or to maximize the value of a company's assets in bankruptcy. In this instance, Out of Site, the Debtor has failed to show and in fact has had no real going concern to preserve.

Moreover, the filed bankruptcy case does not maximize value for their creditors because, among other things:

(1) the bankruptcy was filed merely to invoke the automatic stay;

(2) a plan of liquidation for state court creditors is not enough to justify a bankruptcy.

(3) The bankruptcy was obviously related to the Montgomery County Matter, and, therefore, is a tactic to avoid the Montgomery County Matter/litigation.

See *In re 15375 Memorial Corp. v. Bepco, L.P.*, supra.;

---

[1] See Montgomery County, PA Court of Common Pleas Docket Entries, attached as Exhibit "Respondent-1", the same of which is incorporated herein by reference thereto;

2. Admitted. By way of further reply, F & M, makes reference to paragraph one (1) above as though the same were set forth herein at length.;

3. Denied as stated. F & M Equipment, Ltd., d/b/a Midlantic Machinery, f/d/b/a Midlantic Machinery, hereinafter called F & M, Complaint, which is attached to the Debtor, Movant Party, Out of Site, Motion for Enforcement of Automatic Stay, speaks for itself and, therefore requires no responsive pleading;

   To the extent a response is deemed required, the Complaint, in separate Counts, Counts II and III, individually, jointly and severally names Out of Site, Verna and Battista as Defendants, with liability beyond merely a Credit Application but also predicated upon actions and omissions of the individual named Defendants, Paul Verna and Timothy Batista; F & M Complaint, attached to the Debtor/Movant Party's Complaint is incorporated herein as though set forth at length.

4. Denied as stated. F & M, Complaint, which is attached to Out of Site, Motion for Enforcement of Automatic Stay, speaks for itself and, therefore requires no responsive pleading;

   To the extent a response is deemed required, the Complaint, in separate Counts, Counts I (Out of Site), Count II (Verna) and Count III (Batista), individually, jointly and several liability; Verna and Battista are named Defendants with liability predicated beyond merely piercing the corporate veil, including but not limited to Verna and Battista individually breaching the Credit Application based upon individual actions and omissions;

   F & M Complaint, attached to the Debtor/Movant Party's Complaint is incorporated herein as though set forth at length.

5. Denied as stated. The averment herein is not a factual statement and/or allegation but rather a recital of a purported portion and interpretation of the United States Code and, therefore no responsive pleading is required;

To the extent an answer is deemed required, the cited U.S. Code, **11 U.S. Code Section 362(a),** does not provide a basis for the relief sought by Out of Site in that Verna and Battista, are individual named Defendants in the **Montgomery Co. Matter**, Counts I and Count II respectively, with alleged individual, joint and several liability wherein the individual Defendants are not named as Debtors in the referenced bankruptcy action, and therefore, the same is denied;

By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

6. Denied as stated. The averment herein citing the **Matter of James Wilson Associates, 965 F. 2nd 160, 170 (2nd Cir. 1992),** is statement of law and not of fact and therefore, requires no responsive answer;

To the extent an answer is deemed required, the averment is denied in that F & M is not moving to lift the stay against Out of Site but rather the Court in the Montgomery County, Pennsylvania, predicated upon the filed bankruptcy by the Debtor, Out of Site, appropriately stayed the action against Out of Site, and ordered the trial to proceed as to the individual named Defendants, that is, Verna and Battista, placing the burden on the individual Defendants to stay proceeding in the Montgomery County Matter;[2]

In the case of multiple Defendants, the underlying litigation is not brought to a halt because the automatic stay does not apply to non-debtors. See 11 U.S.C. 362(a)(1). A "debtor" is defined in **11 U.S.C. 101(13)**.

By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

---

[2] See f.n. 1 above, the same of which is incorporated herein by reference as though the same was set forth herein at length;

7. Denied in part and admitted in part. While it is admitted the automatic stay does not operate against the non-Debtors, it is first denied the individual Defendants, Verna and Battista, are Debtors in the reference bankruptcy proceeding or any other action, and second, the Debtor, Out of Site, is not indispensable party to the Montgomery Co. Matter, in that the Montgomery County Matter, alleges separate, individual, joint and several liability against Verna, Complaint Count II, and Battista, Complaint Count III, which is apart from Out of Site, Count I; See F & M Complaint, attached to the Debtor/Movant Party's Motion for Enforcement of Automatic Stay; "

   By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

8. Denied as stated. The averment herein is not a factual averment but a statement and conclusion of law, wherein no response is required;

   To the extent a response is deemed required, and where the averment herein attempts to assert/allege an indispensable party, see F & M answer set forth in paragraph seven (7) above, the same of which is incorporated herein by reference as though the same was set forth herein at length;

   By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

9. Admitted in part and denied in part; First, F & M Complaint speaks for itself, which is attached to Out of Site Motion, and therefore no response is required;

   To the extent a response is deemed required, while part of F & M Complaint arises out of Out of Site contractual obligations, as repeatedly stated herein the Complaint, avers liability based upon individual acts of commission and omission against the individual Defendant, Verna, Count II, and Battista, Count III, individually, jointly and severally, which are independent of the corporate Defendant, Out of Site, Count I; See F & M Complaint, attached to the Debtor/Movant Party's Motion for Enforcement of Automatic Stay;

10. Admitted in part and denied in part. The averment herein is the same as the allegation set forth in paragraph four (4) above, therefore, F & M, answers this paragraph by reference to paragraph four (4) above, as though the same were set forth herein by reference thereto;

11. Denied. It is specifically denied Out of Site is an indispensable party to F & M Montgomery County Matter, as it applies to the individual Defendants, in that, as expressed, the individual Defendants, Verna and Battista, through separate Counts, Counts II and III respectively, are individually, jointly and severally named as Defendants with liability predicated upon independent acts of commission and omission wherein liability exists independently of the corporate Defendant, Out of Site (Count I); See F & M Complaint, attached to the Debtor/Movant Party's Motion for Enforcement of Automatic Stay;

By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

12. Denied as stated. The averment herein is not a statement of fact but rather an assertion, interpretation and conclusion of general law, wherein no responsive pleading is required;

To the extent a response is deemed required, Out of Site, while citing a case(s) which alludes to the extension of the automatic stay to non-Debtor Defendants, fails to allege a factual averment(s) of extraordinary circumstance(s), nor do any extraordinary circumstance exist;

13. Denied as stated. The averment herein is not a statement of fact but rather an assertion, interpretation and conclusion of general law, wherein no responsive pleading is required;

To the extent a response is deemed required, Out of Site, while citing a case(s) which allude to the extension of the automatic stay to non-Debtor Defendants, no factual averments of extraordinary circumstance are alleged, nor do any extraordinary circumstance exist;

By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

14. Denied as stated. The averment herein attempting to summarize F & M Montgomery County Matter, requires no responsive pleading in that the Complaint speaks for itself; further, F & M cause of action while alleging facts piercing the corporate veil, is only part of the F & M cause of action as set forth in the Complaint;

As previously expressed herein, the Complaint contains separate and independent causes of actions against the individual Defendants, Verna (Count II) and Battista (Count III), which are based upon individual actions of commission and omissions wherein individual, joint and several liability may be imposed; See F & M Complaint, attached to the Debtor/Movant Party's Motion for Enforcement of Automatic Stay;

By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

15. Denied. The averment herein is a conclusion of law and fact wherein no responsive pleading is required;

To the extent a response is required, it is denied under any conceivable theory of extending the automatic stay to the individual Defendants, Paul Verna and or Timothy Battista, exists either in law or fact;

As previously expressed herein, the Complaint contains separate and independent causes of actions against the individual Defendants, Verna (Count II) and Battista (Count III), which are based upon individual actions of commission and omissions wherein individual, joint and several liability may be imposed; the Debtor's liability is separately alleged in Count I;

By way of further answer, F & M, makes reference to its answer set forth in Paragraph one (1) above, as though the same is incorporated herein by reference thereto;

**WHEREFORE,** the Respondent Party, F & M Equipment, Ltd d/b/a Midlantic Machinery, f/d/b/a Midlantic Machinery, Inc., respectfully requests this Honorable Court to deny the Motion for Enforcement of the Automatic Stay beyond the captioned named Debtor, Out of Site Infrastructure, Inc. and, thereby deny the enforcement of the automatic stay to the non-Debtor, Individuals, namely Paul Verna and Timothy Battista, regarding the Montgomery County Matter.

Respectfully Submitted:

_____
William J. Perrone, Esquire
Counsel for the Respondent Party
F & M Equipment, Ltd., d/b/a Midlantic Machinery,
f/d/b/a Midlantic Machinery, Inc.

EXHIBIT "RESPONDENT -1"

## Case #2017-03988

| | |
|---|---|
| Case Number | 2017-03988 |
| Commencement Date | 2/28/2017 |
| Case Type | Complaint Civil Action |
| PFA Number | |
| Caption Plaintiff | F&M EQUIPMENT LTD |
| Caption Defendant | VERNA, PAUL |
| Lis Pendens Indicator | No |
| Status | 3 - OPEN |
| Judge | TOLLIVER |
| Remarks | |
| Sealed | No |
| Interpreter Needed | |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| F&M EQUIPMENT LTD | 2240 BETHLEHEM PIKE HATFIELD, PA 19440 UNITED STATES | UNITED STATES | PERRONE, WILLIAM J | Yes | 1 |
| MIDLANTIC MACHINERY | 2240 BETHLEHEM PIKE HATFIELD, PA 19440 UNITED STATES | UNITED STATES | PERRONE, WILLIAM J | Yes | 2 |
| MIDLANTIC MACHINERY INC | 2240 BETHLEHEM PIKE HATFIELD, PA 19440 UNITED STATES | UNITED STATES | PERRONE, WILLIAM J | Yes | 3 |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence |
|---|---|---|---|---|---|
| VERNA, PAUL | 693 PAINTER STREET MEDIA, PA 19063-3624 UNITED STATES | UNITED STATES | AMENTAS, CHRISTOPHER J | Yes | 1 |
| BATTISTA, TIMOTHY J | 5 ELK COURT SEWELL, NJ 08080 UNITED STATES | UNITED STATES | AMENTAS, CHRISTOPHER J | Yes | 2 |
| OUT OF SITE INFRASTRUCTURE INC | 693 PAINTER STREET MEDIA, PA 19063-3624 UNITED STATES | UNITED STATES | AMENTAS, CHRISTOPHER J | Yes | 3 |
| OUT OF SITE INFRASTRUCTURE INC | RV PROFESSIONAL BUILDING 105 JESSUP ROAD, SUITE 100 THOROFARE, NJ 08086 UNITED STATES | UNITED STATES | AMENTAS, CHRISTOPHER J | Yes | 4 |
| VERNA, PAUL | RV PROFESSIONAL BUILDING 105 JESSUP ROAD, SUITE 100 THOROFRE, NJ 08086 UNITED STATES | UNITED STATES | AMENTAS, CHRISTOPHER J | Yes | 5 |

## Docket Entries

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 0 | | 2/28/2017 | Complaint Civil Action | | No | 11179555 |
| 1 | | 3/13/2017 | Affidavit/Certificate of Service of | CIVIL ACTION COMPLAINT ON 3/6/2017 TO TIMOTHY J BATTISTA | No | 11199719 |
| 2 | | 3/23/2017 | (Internal Use Only) Served | OUT OF SITE INFRASTRUCTURE INC ON 3-8-17 DELAWARE CO | No | 11210835 |
| 3 | | 3/23/2017 | (Internal Use Only) Served | TIMOTHY J BATTISTA ON 3-8-17 DELAWARE CO | No | 11210836 |
| 4 | E | 3/27/2017 | Entry of Appearance | OF CHRISTOPHER AMENTAS FOR DEFENDANTS | No | 11215518 |
| 5 | E | 3/27/2017 | Preliminary Objections of | TIMOTHY J BATTISTA; PAUL VERNA WITH MEMORANDUM OF LAW WITH SERVICE ON 03/27/2017 | No | 11215604 |

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 6 | | 4/17/2017 | Answer to Preliminary Objections by | F&M EQUIPMENT LTD; MIDLANTIC MACHINERY; MIDLANTIC MACHINERY INC WITH SERVICE ON 04/17/2017 | No | 11242842 |
| 7 | | 4/25/2017 | Affidavit/Certificate of Service of | PROOF OF SERVICE OF CIVIL ACTION COMPLAINT ON 04/25/2017 TO TIMOTHY J BATTISTA | No | 11254267 |
| 8 | | 4/26/2017 | (Internal Use Only) Served | PAUL VERNA ON 3-29-17 DELAWARE CO | No | 11256461 |
| 9 | E | 7/17/2017 | Answer to Complaint By | OUT OF SITE INFRASTRUCTURE INC WITH NEW MATTER WITH SERVICE ON 07/17/2017 | No | 11365565 |
| 10 | | 7/19/2017 | Reply to New Matter | BY F & M EQUIPMENT LTD; MIDLANTIC MACHINERY; MIDLANTIC MACHINERY INC WITH SERVICE ON 7/19/2017 | No | 11369386 |
| 11 | | 8/21/2017 | Order | OF 8/18/2017 BERTIN,J DEFTS PAUL VERNA AND TIMOTHY J BATTISTA PRELIMINARY OBJECTIONS ARE DENIED THIS DOCUMENT WAS DOCKETED AND SENT ON 08/21/2017 | No | 11412160 |
| 12 | E | 9/6/2017 | Answer & New Matter by | PAUL VERNA WITH SERVICE ON 09/06/2017 | No | 11432450 |
| 13 | E | 9/6/2017 | Answer & New Matter by | TIMOTHY J BATTISTA WITH SERVICE ON 09/06/2017 | No | 11432452 |
| 14 | | 9/11/2017 | Motion | BY F&M EQUIPMENT LTD; MIDLANTIC MACHINERY; MIDLANTIC MACHINERY INC MOTION TO COMPEL PURSUANT TO PA.R.C.P 4019 (A)(1)(I) WITH MEMORANDUM OF LAW WITH SERVICE ON 09/11/2017 | No | 11438640 |
| 15 | | 9/11/2017 | Answer/Response | BY PLAINTIFF TO NEW MATTER WITH SERVICE ON 09/11/2017 | No | 11438850 |
| 16 | | 9/12/2017 | Rule | DATE ON OCTOBER 16, 2017 KEHS CA | No | 11440404 |
| 17 | | 9/13/2017 | Answer/Response | BY PLAINTIFF TO DEFENDANT PAUL VERNA NEW MATTER WITH SERVICE ON 09/07/2017 | No | 11442665 |
| 18 | | 9/19/2017 | Affidavit/Cert of Service w/Rule Returnable | OF MOVING PARTY COVER SHEET WITH RULE RETURN ON 09/13/2017 TO DEFT | No | 11452475 |
| 19 | | 10/19/2017 | Order | OF 10/18/17 BERTIN,J MOT IS GRANTED; SEE ORDER THIS DOCUMENT WAS DOCKETED AND SENT ON 10/19/2017 | No | 11490469 |
| 20 | | 10/23/2017 | Affidavit/Cert of Service w/Rule Returnable | OF RULE TO SHOW CAUSE ON 10/19/2017 TO PAUL VERNA, TIMOTHY J. BATTISTA & OUT OF SITE INFRASTRUCTURE, INC | No | 11494826 |
| 21 | | 5/22/2018 | Motion | BY F&M EQUIPMENT LTD; MIDLANTIC MACHINERY; MIDLANTIC MACHINERY INC TO COMPEL DEPOSITION PURSUANT TO PA R CIV P RULES 4019 AND 4007.1 WITH SERVICE ON 05/22/2018 | No | 11792048 |
| 22 | E | 6/5/2018 | Answer/Response | BY DEFENDANTS, PAUL VERNA AND TIMOTHY BATTISTA TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS WITH SERVICE ON 06/05/2018 | No | 11811476 |
| 23 | | 6/6/2018 | Rule | DATE ON 7/9/18 KEHS CA | No | 11812374 |
| 24 | | 6/12/2018 | Affidavit/Cert of Service w/Rule Returnable | OF COVER SHEET OF MOVING PARTY ON 06/07/2018 TO CHRISTOPHER J AMENTAS ESQ | No | 11823908 |
| 25 | | 6/26/2018 | Request for Production By | F&M EQUIPMENT LTD; MIDLANTIC MACHINERY; MIDLANTIC MACHINERY INC | No | 11840858 |
| 26 | | 6/26/2018 | Affidavit/Certificate of Service of | 2ND SET OF REQUEST FOR PRODUCTIONS OF DOCUMENTS ON 06/25/2018 TO CHRISTOPHER J AMENTAS, ESQ | No | 11840859 |
| 27 | | 7/17/2018 | Order | (APPORVING STIP MOT TO COMPEL DEPO AND DOCS AT NOTICED DEPOS) OF 7/12/18 PAGE,J CONTINUED TO 8/17/18 THIS DOCUMENT WAS DOCKETED AND SENT ON 07/18/2018 | No | 11869836 |
| 28 | | 8/20/2018 | Praec to Withdraw | MOTION TO COMPEL DEPOSITION AND DOCUMENTS AT NOTICED DEPOSITIONS | No | 11924506 |
| 30 | | 10/3/2018 | Case Management Conference Scheduling Order | OF 10/3/18 ROGERS,J CASE MANAGEMENT/SETTLEMENT CONFERENCE SHALL BE HELD ON 11/20/18; CC THIS DOCUMENT WAS DOCKETED AND SENT ON 10/03/2018 | No | 11985997 |
| 31 | | 10/26/2018 | Statement | CASE MANAGEMENT SETTLEMENT/CONFERENCE STATEMENT | No | 12037437 |

| Seq. | | Filing Date | Docket Type | Docket Text | Sealed | Filing ID |
|---|---|---|---|---|---|---|
| 32 | | 10/26/2018 | Affidavit/Certificate of Service of | CASE MANAGEMENT SETTLEMENT/CONFERENCE STATEMENT ON 10/23/2018 TO SEE DOCUMENT | No | 12037438 |
| 33 | E | 11/14/2018 | Statement | CASE MANAGEMENT STATEMENT | No | 12061619 |
| 34 | E | 11/27/2018 | Order | (CIVIL CASE MANAGEMENT CONFERENCE ) OF 11/21/2018 ROGERS,J ALL DISCOVERY SHALL BE COMPLETED BY 1/30/2019 SEE DOCKET THIS DOCUMENT WAS DOCKETED AND SENT ON 11/27/2018 | No | 12077634 |
| 35 | | 1/25/2019 | Praec for Civil Trial List Non-Jury | | No | 12161983 |
| 36 | | 1/25/2019 | Affidavit/Certificate of Service of | TRIAL PRAECIPE ON 01/23/2019 TO CHRISTOPHER AMENTAS | No | 12161984 |
| 37 | | 5/29/2019 | Notice of Scheduling | | No | 12327937 |
| 38 | | 6/5/2019 | Statement | F&M EQUIPMENT LTD; MIDLANTIC MACHINERY; MIDLANTIC MACHINERY INC | No | 12337652 |
| 39 | | 6/5/2019 | Affidavit/Certificate of Service of | PRE-TRIAL STATEMENT ON 6/5/2019 TO CHRISTOPHER J AMENTAS ESQUIRE | No | 12337653 |
| 40 | E | 6/28/2019 | Scheduling Order | 6/28/2019 TOLLIVER,J MATTER IS SHEDULED FOR AUGUST 1,2019 CC THIS DOCUMENT WAS DOCKETED AND SENT ON 06/28/2019 | No | 12368674 |
| 41 | E | 6/28/2019 | Scheduling Order | OF 6/28/2019 TOLLLIVER,J MATTER IS SCHEDULED FOR AUGUST 1,2019 CC THIS DOCUMENT WAS DOCKETED AND SENT ON 06/28/2019 | No | 12368694 |
| 42 | E | 7/24/2019 | Scheduling Order | OF 7/24/19 TOLLIVER,J 1 DAY BENCH TRIAL CONTINUED AND RESCHEDULED FOR 8/27/19; CC THIS DOCUMENT WAS DOCKETED AND SENT ON 07/24/2019 | No | 12401056 |
| 43 | E | 8/23/2019 | Order | OF 8/23/2019 TOLLIVER,J TRIAL SCHEDULED FFOR AUGUST 27,2019 IS CANCELLED TRIAL PRAECIPE TI STRICKEN THIS DOCUMENT WAS DOCKETED AND SENT ON 08/23/2019 | No | 12441210 |

# Certification of Filing and Service

**William J. Perrone, Esquire** counsel for the Respondent, F & M Equipment, Ltd. d/b/a Midlantic Machinery, f/d/b/a Midlantic Machinery, Inc. (F & M), hereby certifies that on the date set forth below, F & M, Answer to the Debtor/Movant Party, Out of Site Infrastructure, Inc., Motion for Enforcement of Automatic Stay, was filed via hand delivery in the United States Bankruptcy Court, Eastern District of Pennsylvania, and

also on the same date, via regular U.S. Mail, postage prepaid, a copy of the same, was directed as follows via regular U.S. Mail, postage prepaid:

Christian A. DiCicco, Esquire
2008 Chestnut Street
Philadelphia, PA 19103
(Counsel for Debtor/Movant Party, Out of Site Infrastructure, Inc.)

I understand that any false statements herein are made subject to the penalties of **18 Pa. C.S., section 4904** relating to un-sworn falsification to authorities.

September 9th, 2019

Date

**William J. Perrone, Esquire**
**Counsel for Respondent**
**F & M Equipment, Ltd.**
**d/b/a Midlantic Machinery**
**f/d/b/a Midlantic Machinery, Inc.**